### REDUS v. WILSON.    (No. 7464.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1925. Rehearing Denied Jan. 20, 1926.)

**1. Brokers** ⊛⟶82(1) — **Petition to enforce agreement to split commission held valid as against general demurrer.**

In action on agreement to split broker's commission by dividing everything over certain price per acre, petition, though failing to allege defendant was given commission, *held* good as against general demurrer, in that it alleged land was sold for more than amount, the surplus above which plaintiff was to share.

**2. Brokers** ⊛⟶66—**Portion of broker's payment to another for information concerning land not deductible from amount due plaintiff under agreement to split commission.**

Where defendant agreed to pay plaintiff one-half of his commission on purchase of land in exchange for information as to land, one-half of amount paid by defendant to some other person for same information could not be deducted from amount due plaintiff.

**3. Brokers** ⊛⟶66 — **Broker agreeing to split commission had no right to accept more than his share in promissory notes.**

A broker agreeing to split commission had no right to accept more than his share in promissory notes.

**4. Brokers** ⊛⟶88(13)—**Instructions that jury should consider all facts bearing thereon in arriving at value of notes proper.**

Where broker accepted notes as part of commission after having agreed to split commission with plaintiff, so that value of notes became material in order to secure plaintiff's interest, instruction that jury should consider all facts bearing thereon in arriving at value of notes *held* proper.

---

⊛⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Brokers ⊙⇒86(1) — Evidence sufficient to show defendant received commission.**

In action to enforce agreement to split broker's commission, evidence *held* sufficient to show defendant received commission.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by J. K. Wilson against R. R. Redus. Judgment for plaintiff, and defendant appeals. Affirmed.

Henry Lee Taylor, of San Antonio, for appellant.

Robert G. Harris and Eskridge & Williams, all of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant, in which the former claims that the latter is indebted to him for certain commissions earned by him in aiding and assisting appellant to obtain a vendor of certain lands in the republic of Mexico. Appellee's allegations were to the effect that appellee was the agent to sell 30,250 acres of land in Mexico belonging to F. V. Blesse, and that he was approached by one C. C. Bishop, representing appellant, who stated that he was looking for a large tract of land in Mexico, and appellee agreed to place him in touch with the Blesse land in consideration of one-half of what was obtained for the land in excess of $2 an acre. This was agreed to by Bishop for appellant. That afterwards appellant went directly to Blesse and effected a sale by him to one L. C. Edwards of the Blesse land at $2.25 per acre, and received the sum of $7,562.50, one-half of which was claimed by appellee. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered in favor of appellee for $4,016.89, being the principal and interest to date of trial.

The jury found that appellee informed Bishop of the Blesse land being for sale, and Bishop agreed to divide the commission with appellee in case of a sale, that the notes received by appellant as commissions were worth their face value, and that he received an equivalent for the notes of their face value, and that his expenses for effecting the sale were $435.50. The facts sustain the findings of the jury and the allegations of the petition.

[1] The case is presented to this court through 24 assignments of error, with 14 propositions thereunder. The first proposition is to the effect a general demurrer should have been sustained to the petition, because there was no allegation that appellant received any commission from the sale of the land, although it was alleged that appellant had agreed to give one-half of what he received over $2 per acre. It was alleged that the land was sold by appellant for $2.25 per acre, and as against a general demurrer that was sufficient, as every legal intendment is indulged to meet a general demurrer. All deficiencies were cured in the petition, as to what appellant received as commissions, by an admission in his answer that he received $7,562.50 in the shape of promissory notes.

The liability of appellant to appellee for one-half the commissions was based on the fact that appellee was the procuring cause of the sale to Edwards, but on the fact that, in consideration of appellee disclosing to appellant the fact of his principal having a tract of land that answered to the description of land sought by appellant, the latter bound himself to pay appellee one-half of any commission received by him. There was an allegation that appellee was the procuring cause of the sale, but in summing up appellee sought a judgment simply on the ground that appellant had promised to divide commissions with him. The second and third propositions are overruled.

[2] The jury found that the original information as to the tract of land was given by appellee, and appellant agreed to pay him one-half of the commission for such information. That finding was supported by the facts, and destroyed all claim by appellant that some other person gave the information. Appellee could not be held liable for one-half of any sum paid by appellant to some person for information given by appellee himself. The court did not err in not allowing the jury to consider such sum in arriving at the expenses of making the sale. If Blocker rendered assistance in making the sale, that would not affect the contract made by appellant to pay one-half the commission to appellee. The fourth and seventh propositions are overruled.

[3, 4] There is no merit in the fifth and ninth propositions. If appellant accepted promissory notes for the commission, it was necessary, in order to secure appellee's interest, to ascertain the value of the notes and the sum appellant received for them. Appellee was entitled to one-half of that sum. Appellant had no right or authority to take appellee's part of the commissions in notes, and, when he took it that way, he had no authority to use the notes in promoting his own interests in barter or sale. Appellee was entitled to one-half the commission when the sale was made, and no error is presented in the sixth proposition, and it is overruled.

The eighth proposition is overruled. The facts showed a complete verbal agreement between appellee and Bishop as to the commissions. The court was undoubtedly correct in charging the jury that all the facts bearing thereon should be considered in arriving at the value of the notes. The tenth proposition is overruled.

[5] The eleventh, twelfth, and thirteenth propositions are without merit. Appellant

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

swore that "$2.25 per acre was the price at which this ranch sold, for the full number of 30,250 acres." The land, at $2.25 an acre, would have realized $68,062, and appellant swore that he received the 25 cents an acre in excess of $2 an acre as his commissions, as evidenced by the promissory notes. He swore: "I received the cash and notes I mentioned in lieu of $7,562.50 in cash." The 25 cents an acre amounted to $7,562. In the face of this testimony, it is contended that it was not shown that the appellant received the 25 cents an acre as commission.

There is no merit in the fourteenth proposition. Appellant admitted in pleading and evidence every material fact necessary to a recovery except the agreement, which was proven by appellee.

The judgment is affirmed.